On the Merits.
BREAUX, C. J.
The defendant was entitled to ten days’ delay (after seizure of property sequestered) within which to furnish bond in order to obtain release of the property sequestered.
The bond was not furnished within the ten days, and no offer was made to that end within that time.
The rule is that, if the defendant fails or neglects to execute tbe bond as prescribed within the ten days, then the plaintiff may obtain release of the property by furnishing bond and required security.
After the ten days had elapsed, plaintiff offered bond for the release of the sequestration.
At the time that plaintiff offered to bond, and while he was complying with the law’s requirement, the defendant, through counsel, objected and claimed preference.
It appears by reference to the record that defendant, before the ten days had elapsed, presented a rule to the court asking that the plaintiff be made to show cause why the sequestration should not be released on bond.
The hearing of this rule at the instance of defendant was fixed for a day after the ten days had elapsed.
The plaintiff accepted service of this rule.
tVe are informed by the decision of our learned brother of the district court that he took into consideration the acceptance by plaintiff of the defendant’s rule.
The court recognized defendant’s right to bond and refused to grant the plaintiff’s motion to bond.
The question of the right of appeal from the decision of the court refusing to plaintiff the right to bond has already been decided in this case. No. 16,874, just above.
It does not appear of record that there was any agreement between counsel. It is true that counsel for plaintiff accepted service of the rule before mentioned, but this acceptance of service is not an agreement waiving any right of the party accepting. It was exclusively an acceptance of service. Nothing was waived except service. Time was not waived. The party who accepts a service is left free to plead all the defenses except the want of proper service, having waived such.
The delay to defendant to bond:
The ten days’ delay having elapsed, and the plaintiff being before the court asking to bond, it became his right to bond. Defendant had not exercised the right at all. It remained a right of plaintiff to bond the property on sufficient bond. The defendant could not displace or take the place of plaintiff. He (plaintiff) was before the court after the ten days asking to be permitted to bond on sufficient bond.
Furthermore, unless by special agreement, it is not possible to extend the time.
There was no special agreement in the case under which it can be claimed that the time is extended. The question does not admit of much discussion. The rule regarding delays is clear and imperative.
It is ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and reversed, at the cost of defendant in the lower court.
It is ordered, adjudged, and decreed that plaintiff, Henry Hecker, be permitted to bond the property sequestered in this case upon *472 his furnishing bond, with solvent surety, conditioned as the law directs, in such sum as the court a qua may fix. The cost of appeal to be paid by appellee.